# EXHIBIT A

Case 8:24-cv-00382-FWS-DFM   Document 1-1   Filed 02/23/24   Page 2 of 13   Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 12/05/2023 02:59:15 PM.
30-2023-01366405-CU-CR-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIR LINES, INC.; and DOES 1 through 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIKA GERAGHTY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: SUPERIOR COURT OF THE STATE OF CALIFORNIA
*(El nombre y dirección de la corte es):* COUNTY OF ORANGE, CENTRAL JUSTICE
700 Civic Center Drive W, Santa Ana, CA. 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2023-01366405-CU-CR-CJC

Judge Deborah Servino

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ACLIENT PC Ruben D. Escalante (SB 244596) Robert A. Escalante (SB 270629) 400 N. Barranca Ave. Covina, CA. 91723 Tel: (310)-431-9647,
LOVE LAW, P.C. Calvin F. Love (SB 307493) 800 South Barranca Avenue, Suite 100 Covina, CA. 91723 Tel: (626)653-0455

DATE: 12/05/2023   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by   S. Berry   , Deputy
*(Fecha)*                                                                  *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*.

S. Berry

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Delta Air Lines, Inc
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 12/05/2023 02:59:15 PM.
30-2023-01366405-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

**ACLIENT PC**
Ruben D. Escalante (SB 244596)
Robert A. Escalante (SB 270629)
440 N. Barranca Ave.
Covina, CA 91723
Tel: 310-431-9647
Email: ruben@aclientpc.com

**LOVE LAW, P.C.**
Calvin F. Love (State Bar No. 307493)
800 South Barranca Avenue, Suite 100
Covina, California 91723
Tel: (626) 653 0455
Email: clove@lovelawpc.com

*Attorneys for Plaintiff,*
Erika Geraghty

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

Assigned for All Purposes
Judge Deborah Servino

| | |
|---|---|
| ERIKA GERAGHTY, an individual<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 30-2023-01366405-CU-CR-CJC<br>**COMPLAINT FOR DAMAGES FOR:**<br>(1) **Intentional Infliction of Emotional Distress**<br>(2) **Negligent Infliction of Emotional Distress**<br>(3) **Negligence**<br>(4) **Violation of Unruh Civil Rights Act** |

1
COMPLAINT FOR DAMAGES

COMES NOW plaintiff Erika Geraghty (hereinafter "Plaintiff"), as and for its Complaint for damages, who complains and alleges as follows:

## PARTIES

### A. Plaintiff

1. Plaintiff is and at all times relevant hereto was, a resident in the County of Orange, California.

### B. Defendants

2. Plaintiff is informed and believes, based on thereon alleges, that Defendant Delta Air Lines, Inc. ("Delta") is, and at all times relevant hereto was, a Delaware Corporation doing business in Orange, California.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure section 474 *et seq*, and Plaintiff will amend this complaint to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that all defendants sued herein as DOES are in some manner responsible for the unlawful acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

4. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including Does 1 through 50, inclusive, was the principal, agent or employee of each of the remaining defendants and, in doing the things alleged, was acting within the scope of that agency or employment.

5. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Delta, and any of its subsidiaries or affiliated companies within the State of California and DOES 1 through 50 inclusive.

## JURISDICTION AND VENUE

6. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

7. Venue is proper in the County of Orange pursuant to Code of Civil Procedure section

395, *et seq.* because, among other things, the County of Orange is the County where the injury occurred.

## GENERAL FACTUAL ALLEGATIONS

8. On or about June 30, 2023, Plaintiff approached Delta's portal to the sky--Gate A07-- for passage on flight DL0653 to John Wayne Airport located in Orange County, California. Plaintiff carried not just the anticipation of a tender reunion with her newborn son, but also two bags—one bag containing a lifeline of breast milk (also known as "liquid gold" to nursing mothers) and a breast pump and another bag containing breast milk.

9. Yet, in blatant contravention of Delta's own policies, applicable state and federal regulations, and Plaintiff's maternal rights, Defendants forced Plaintiff to abandon these essential items, indispensable for any nursing mother. Despite Plaintiff's explanation and pleas for mercy, Defendants adamantly denied her boarding until she agreed to check in or discard her bag containing the breast pump and her breast milk or check in or discard her bag containing her breast milk. These items were directly associated with Plaintiff's sex (i.e., a woman) and being a nursing mother, which Defendants determined did not rise to the of level or importance in the face of Delta's policies and the law; alternatively, Defendants negligent lack of training and supervision of its employees resulted in such conduct. If these items had been associated with being a man and subject to Delta's policies and the law, then Defendants would have determined they fell within Delta's policies and the law and would have permitted Plaintiff to take them on the aircraft.

10. Despite Plaintiff's advocacy for her rights as a woman and mother under Delta's policies—which echo state and federal law exempting a breast pump as a personal item—Defendants prevented Plaintiff from boarding unless she capitulated to Defendants discriminatory mandate. Stripped of compassion and legal justification, Defendants imposed upon Plaintiff a draconian dilemma for any mother: to choose between the vital sustenance for her son or the indispensable instrument for its procurement.

11. Naturally, driven by maternal instinct, Plaintiff preserved the breast milk by removing the breast milk that was in the breast pump bag, putting it in the other bag, and sacrificing the pump to the airplane's cargo hold—a notorious abyss where luggage is discarded and often

damaged. Defendants knew but did not care about the emotional or physical turmoil this decision would case (and did cause) Plaintiff.

12. As a result of Defendants' discriminatory animus and unlawful discrimination, Plaintiff was forced to endure a grueling *four-hour* flight. Plaintiff endured not only the physical agony of breast engorgement, but also the emotional trauma of public degradation of her dignity. Seated and drenched in her own milk gushing from her breasts, which soaked her blouse in front of other passenger and coworkers, Plaintiff bore the brunt of her fellow travelers' stares and whispers, a public experience that inflicted upon her profound humiliation, physical pain, and emotional anguish.

13. Upon exiting the plane and going to retrieve her baggage claim, unsurprisingly, Plaintiff's found her breast pump shattered in pieces. She had to wait hours until she could find a suitable breast pump to express the remaining milk from her breasts. As a result of Defendants unlawful conduct, Plaintiff suffered damage to personal property, as well as extreme physical pain and suffering and emotional distress and anguish in excess of the jurisdictional limit.

14. This extreme physical pain and suffering and emotional distress and anguish continued following Defendants' conduct. For example, Plaintiff suffered from a reduction in breast milk production, which made it more difficult to feed her son, which never fully recovered; Plaintiff suffered from the emotional turmoil that comes from the fear of being unable to feed and nourish a baby, and the physical pain from being unable to express milk with her breast pump for hours.

### FIRST CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

15. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

16. Defendants owed a duty of care to Plaintiff as a passenger.

17. Defendants conduct was extreme and outrageous. Defendants intended to cause or recklessly disregarded the probability of causing Plaintiff harm.

18. As a direct and proximate result of Defendants conduct, Plaintiff sustained personal

4
COMPLAINT FOR DAMAGES

property damage, suffered from physical pain and suffering, and suffered severe and extreme emotional distress, including but not limited to, anxiety, anxiousness, sleep deprivation, shame, humiliation, and embarrassment.

19. The conduct alleged on the part of Defendants exceeded all bounds of decency in a civilized society, and constituted discrimination against Plaintiff and was, as a result, outrageous, intentional, and malicious. Defendants were aware of the severe consequences of their conduct and willfully and deliberately took the actions alleged with malice, oppression or conscious disregard to intentional harm Plaintiff.

20. Defendants oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, engaged in the conduct, acts and/or omissions described herein. As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from engaging in such conduct again in the future. Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

## SECOND CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against All Defendants)

21. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as through fully set forth herein.

22. Defendants owed a duty of care to Plaintiff as a passenger.

23. Defendants assumed the duty of upmost care as a common carrier. But despite that duty of care, Defendants breached that duty and discriminated against Plaintiff.

24. As a direct and proximate result of Defendants conduct, Plaintiff sustained personal property damage, suffered physical pain and suffering, and suffered severe and extreme emotional distress, including but not limited to, anxiety, anxiousness, sleep deprivation, shame, humiliation,

and embarrassment.

25. The conduct alleged on the part of Defendants exceeded all bounds of decency in a civilized society, and constituted discrimination against Plaintiff and was, as a result, outrageous, intentional, and malicious. Defendants were aware of the severe consequences of their conduct and willfully and deliberately took the actions alleged with malice, oppression or conscious disregard to intentional harm Plaintiff.

26. Defendants oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, engaged in the conduct, acts and/or omissions described herein. As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from engaging in such conduct again in the future. Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

## THIRD CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

27. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

28. Defendants owed a duty of care to Plaintiff as a passenger. Defendants assumed the duty of upmost care as a common carrier.

29. But despite that duty of care, Defendants breached that duty.

30. As a direct and proximate result of Defendants conduct, Plaintiff sustained personal property damage, physical pain and suffering, and suffered severe and extreme emotional distress, including but not limited to, anxiety, anxiousness, sleep deprivation, shame, humiliation, and embarrassment.

## FOURTH CAUSE OF ACTION

### (Unruh Civil Rights Act)

### (Against All Defendants)

31. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

32. California Unruh Civil Rights Act provides in relevant part:

> All persons within the jurisdiction of this state are free and equal, and no matter what their **sex**, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51 (West) (emphasis added)

33. As a result of Defendants conduct as alleged herein, Defendants have violated the Unruh Civil Rights Act. As a direct and proximate result of Defendants conduct, Plaintiff sustained personal property damage, suffered physical pain and suffering, and suffered severe and extreme emotional distress, including but not limited to, anxiety, anxiousness, sleep deprivation, shame, humiliation, and embarrassment.

34. Cal. Civ. Code § 52 provides in relevant part:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

Cal. Civ. Code § 52 (West)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

1. For economic and non-economic damages;
2. Punitive Damages;
3. Statutory Penalties;

4. Civil Penalties;
5. Reasonable Attorneys' Fees;
6. For cost of suit;
7. The Costs of Suit; and
8. For such other relief as is just and proper.

Dated: December 5, 2023

LOVE LAW, P.C.

BY: _____
CALVIN F. LOVE
Attorney for Plaintiff
ERIKA GERAGHTY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: December 5, 2023

LOVE LAW, P.C.

BY: _____
CALVIN E. LOVE
Attorney for Plaintiff
ERIKA GERAGHTY

Case 8:24-cv-00382-FWS-DFM   Document 1-1   Filed 02/23/24   Page 12 of 13   Page ID #:18
Electronically Filed by Superior Court of California, County of Orange, 12/05/2023 02:59:15 PM.
30-2023-01366405-CU-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
ACLIENT PC Ruben D. Escalante (SB 244596) Robert A. Escalante (SB 270629) 400 N. Barranca Ave, Covina, CA. 91723, LOVE LAW, P.C. Calvin F. Love (SB 307493) 800 South Barranca Avenue, Suite 100 Covina, CA. 91723
TELEPHONE NO.: (626)653-0455   FAX NO. (Optional):
E-MAIL ADDRESS: ruben@aclientpc.com, clove@lovelawpc.com
ATTORNEY FOR (Name): Plaintiff

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive W.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA. 92701
BRANCH NAME: CENTRAL JUSTICE

**CASE NAME:**
ERIKA GERAGHTY, an individual vs. DELTA AIR LINES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2023-01366405-CU-CR-CJC  JUDGE: Judge Deborah Servino  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/05/2023
Calvin F. Love
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (not asbestos or toxic/environmental) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (not medical or legal)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  - Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (not provisionally complex) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (non-domestic relations)
  - Sister State Judgment
  - Administrative Agency Award (not unpaid taxes)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (not specified above) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (non-harassment)
  - Mechanics Lien
  - Other Commercial Complaint Case (non-tort/non-complex)
  - Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (not specified above) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2